*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
MONAHAN, STEPHENS, and DEERWESTER
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Caleb R. STANLEY**
Seaman (E-3), U.S. Navy
Appellant

**No. 202000116**

Decided: 27 October 2020

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
W. Arthur Record

Sentence adjudged 12 February 2020 by a special court-martial convened at Naval Air Station Jacksonville, Florida, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 7 months, and a bad-conduct discharge.

For Appellant:
*Captain W. Scott Stoebner, JAGC, USNR*

For Appellee:
*Brian K. Keller, Esq.*

_____

**This opinion does not serve as binding precedent under NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. Uniform Code of Military Justice [UCMJ] arts. 59, 66, 10 U.S.C. §§ 859, 866.

The findings and sentence are **AFFIRMED**[1].

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[1] In affirming the findings and sentence, we note that the only clemency requested by trial defense counsel on behalf of Appellant was disapproval or suspension of his remaining confinement. Because the adjudged sentence included a bad-conduct discharge, this requested relief was not possible by operation of law and, thus, outside the convening authority's authority. *See* UCMJ art. 60(c). In a case where trial defense counsel could have requested clemency that was within the authority of the convening authority, but instead requested clemency that was not possible by operation of law, we have remanded for new post-trial processing with conflict-free counsel. *See United States v. Marquardt*, No. 201600265, 2017 CCA Lexis 95 (N-M. Ct. Crim. App. Feb. 14, 2017) (unpublished op.). However, because the only possible clemency available for Appellant was suspension or disapproval of the adjudged reduction from E-3 to E-1, and due to the seriousness and breadth of the offenses in this case, we find there was no "reasonable probability of succeeding" that clemency would have been granted on that basis. *United States v. Jameson*, 65 M.J. 160, 164 (C.A.A.F. 2007) (internal quotations omitted). Therefore, under the unique circumstances of this case, we discern no prejudice and no need to remand for new post-trial processing.